UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE NAILS,

        Petitioner,

    v.

L. S. McEWEN, Warden,

        Respondent.

                              /

No. C 13-917 SI (pr)

**ORDER TO SHOW CAUSE**

**INTRODUCTION**

Maurice Nails, an inmate at the California State Prison in Lancaster, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court dismissed the petition with leave to amend because it had alleged only state law errors.  Nails then filed an amended petition.   His amended petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

Nails was convicted in Alameda County Superior Court of first degree murder and was found to have personally used a firearm causing death. On April 16, 2010, he was sentenced to a lengthy term in prison. He appealed. The California Court of Appeal reduced the first degree murder conviction to a second degree murder conviction and otherwise affirmed the judgment of conviction.  Nails apparently was re-sentenced, as he states that he is now serving a sentence of 40 years to life: 15 years to life for the second degree murder plus an enhancement of 25 years

1  to life for the personal use of a firearm causing death.   The California Supreme Court denied

2  his petition for review.  Nails also filed one or more unsuccessful state habeas petitions before

3  filing this action.

4

5  **DISCUSSION**

6  This court may entertain a petition for writ of habeas corpus "in behalf of a person in

7  custody pursuant to the judgment of a State court only on the ground that he is in custody in

8  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

9  district court considering an application for a writ of habeas corpus shall "award the writ or issue

10 an order directing the respondent to show cause why the writ should not be granted, unless it

11 appears from the application that the applicant or person detained is not entitled thereto."  28

12 U.S.C. § 2243.

13 The amended petition alleges the following claims: (1) trial counsel provided ineffective

14 assistance by failing to interview two eyewitnesses, in violation of Nails' Sixth Amendment

15 rights; (2) Nails' Sixth and Fourteenth Amendments rights were violated when the prosecutor

16 engaged in misconduct by eliciting a hearsay identification of Nails from his brother; (3) the trial

17 court's statements to the jury that Nails was in custody and would have a deputy seated nearby

18 during his testimony was inherently prejudicial, in violation of Nails' Fourteenth Amendment

19 rights; (4) the trial court erred in failing to *sua sponte* instruct on voluntary manslaughter and

20 unreasonable self-defense, in violation of Nails' Sixth and Fourteenth Amendment rights; (5) the

21 trial court and prosecutor mischaracterized the reasonable doubt standard, in violation of Nails'

22 Sixth and Fourteenth Amendment rights; and (6) the cumulative effect of the foregoing errors

23 rendered the trial fundamentally unfair, in violation of Nails' Fourteenth Amendment rights.

24 Liberally construed, the claims are cognizable in a federal habeas proceeding.

25

26

27

28

2

**CONCLUSION**

For the foregoing reasons,

1.      The amended petition states cognizable claims for habeas relief and warrants a response.

2.      The clerk shall serve by certified mail a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.      Respondent must file and serve upon petitioner, on or before **August 16, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 13, 2013**.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6.      Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: June 13, 2013

SUSAN ILLSTON
United States District Judge

3